## Walker v. Mayers

*Anthony Federico*, for plaintiff.
*James F. Carl*, for defendants.

DOWLING, *J.*, July 21, 1983—Defendants have filed a motion for summary judgment on the grounds that the total allowable medical expenses incurred fails to meet the threshold imposed by the

Pennsylvania No-fault Vehicle Insurance Act* of $750. In addition, summary judgment is requested in favor of defendant, Alicia F. Mayers, and also against plaintiff, Bertha Walker, on the basis that the complaint contains no allegation of negligence against the former and makes no claim on behalf of the latter.

Paragraph ten of the complaint alleges medical expenses of $766.50. However, an examination of the invoices presented at plaintiffs' deposition show that the actual medical expense is only $691.65.

This appears to be one of those rarities (bordering on the oxymoronic) "a clear case" in which summary judgment is proper.

Most courts of common pleas have held that the $750 threshold need not be exceeded by plaintiff prior to the initiation of a tort action, but that it is sufficient to plead that medical expenses will exceed it "with reasonable certainty." Proper inquiry is whether such expenses have been incurred or will be incurred in the future with reasonable certainty. Hoch v. Russell, 10 D. & C. 3d 330 (1979); Sullivan v. Rusvecki, 2 D. & C. 3d 276 (1977). Later cases in accord are Vanderslice v. Moessner, 18 D. & C. 3d. 9 (1981) and Plummer v. Dansky, 16 D. & C. 3d 734 (1980). Judge Sheeley, however, in Walk v. Russell, supra, goes on to state that the complaint must allege that the threshold has been met or aver facts to support a conclusion that additional medical expenses will be incurred, which will carry the total over $750. 10 D. & C. 3d at 334. The complaint in the instant action contains no averments of continuing or permanent injuries. Further, in his deposition, Mr. Walker testified that

---

*40 P.S. § 1009.301(a)(5)(b).

other than visits to John W. Snoke, D.O. on January 24, February 25, and March 26, 1981, he has consulted no physician for injuries arising from this incident since February 1, 1980, when he was discharged by the Londonderry Road Orthopedic Clinic, Ltd. Further, he said that at the time of the deposition he had no complaints as a result of the accident and that he was able to perform the duties of his job. It is evident that the effects of the injury had disappeared, that plaintiff has recovered, and there is no reasonable expectation of further medical expenses.

We note in yesterday's Patriot an article concerning a bill to repeal the No-fault Insurance Law in which it is pointed out that one of the chief problems is the so-called threshold figure of $750. The desire to gain entrance to the courts has apparently provided an incentive for incurring needless medical expenses in some instances.

Accordingly, we enter the following

## ORDER

And now, July 21, 1983, defendants' motion for summary judgment is granted.